UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21831-CV-JLK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

$100,000.00 IN U.S. CURRENCY
SEIZED FROM ACCOUNT
NUMBER 2913981010 HELD AT
JPMORGAN CHASE BANK,

        Defendant.
_____/

## AMENDED VERIFIED COMPLAINT FOR FORFEITURE IN REM

    Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff, United States of America, hereby files this Amended Verified Complaint for Forfeiture *In Rem* against the above-captioned defendant property, and in support thereof alleges the following:

    1.    Jurisdiction is vested in this Court pursuant to Title 28, United States Code, Sections 1345 and 1355.

    2.    This Court has venue pursuant to Title 28, United States Code, Section 1395 because the defendant property is located within the Southern District of Florida and will so remain during the pendency of these proceedings.

    3.    The United States seeks forfeiture of the defendant property, pursuant to Title 18, United States Code, Section 984 and Title 31, United States Code, Section 5317(c)(2), as property involved in a violation of Title 31, United States Code, Sections 5313(a) and/or

1

5324(a), or any conspiracy to commit any such violation, or as property traceable to any such violation or conspiracy.

## FACTUAL ALLEGATIONS

4. Hilda Chaves Echeverria (hereinafter referred to as "Echeverria") opened account number 2913981010 at JPMorgan Chase Bank (hereinafter referred to as "the Chase account") on October 26, 2012 at a JPMorgan Chase Bank branch located at 1900 Tyler Street, Hollywood, FL.

5. JPMorgan Chase Bank is, and was during all times relevant to the facts stated in this Complaint, a domestic "financial institution" as defined by 31 U.S.C. § 5312.

6. Echeverria was the sole owner of, and had signature authority for, the Chase account at all times relevant to the facts stated in this Complaint.

7. Eleven (11) separate currency deposits were made into the Chase account between October 29, 2012 and December 3, 2012, totaling $100,000.00 (US). None of the eleven separate currency deposits exceeded $10,000.00.

8. The transaction date and amount of each currency deposit were as follows:

| Date | Amount |
|---|---|
| 10/29/12 | $10,000 |
| 10/30/12 | $10,000 |
| 11/2/12 | $10,000 |

| **Date** | **Amount** |
|----------|------------|
| 11/3/12  | $5,000     |
| 11/5/12  | $10,000    |
| 11/5/12  | $10,000    |
| 11/8/12  | $10,000    |
| 11/9/12  | $10,000    |
| 11/13/12 | $10,000    |
| 11/19/12 | $10,000    |
| 12/3/12  | $5,000     |

## **STATUTORY BASIS FOR FORFEITURE**

9. Title 31, United States Code, Section 5324(a), provides that no person, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) or 5325, or any regulation prescribed thereunder, shall cause or attempt to cause a domestic financial institution to fail to file a report required under Title 31, United States Code, Section 5313(a) or 5325, or any regulation prescribed under such Section, or structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

10. A "financial institution" is defined at Title 31, United States Code, Section 5312(a)(2), to include commercial banks.

11. Title 31, United States Code, Section 5313(a), and Title 31, Code of Federal Regulations, Part 1010.311 (formerly 31 C.F.R. § 103.22(b)), require that a Currency Transaction Report ("CTR"), Department of Treasury Form 4789, be filed by domestic financial institutions for all currency transactions involving more than $10,000.00.

12. Pursuant to Title 31, Code of Federal Regulations, Part 1010.100(xx) (formerly 31 C.F.R. § 103.11(gg)), a person structures a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements.

13. "In any manner" includes, but is not limited to, the breaking down of a single sum of currency exceeding $10,000.00 into smaller sums, including sums at or below $10,000.00 or the conduct of a transaction, or series of currency transactions, including transactions at or below $10,000.00. The transaction or transactions need not exceed the $10,000.00 reporting threshold at any single financial institution on any single day in order to constitute structuring within the meaning of this definition.

14. Pursuant to Title 31, Code of Federal Regulations, Section 1010.313 (formerly 31 C.F.R. § 103.22(c)), multiple currency transactions shall be treated as a single transaction if the financial institution has knowledge that they are by or on behalf of any person and result in either cash in or cash out totaling more than $10,000.00, during any one business day.

15. Pursuant to Title 31, United States Code, Section 5317(c), any property involved in a violation of Title 31, United States Code, Section 5313(a) or 5324(a), or any conspiracy to commit such violation, and any property traceable to such property, is subject to forfeiture to the

United States.

16. By reason of the foregoing, the defendant currency is forfeit to the United States of America, pursuant to Title 18, United States Code, Section 984 and Title 31, United States Code, Section 5317(c) in that the defendant currency represents property involved in a violation of Title 31, United States Code, Sections 5313(a) and/or 5324(a), or any conspiracy to commit any such violation, and any property traceable to any such conspiracy or violation.

## CONCLUSION

WHEREFORE, Plaintiff United States of America requests the Court to declare the defendant property condemned and forfeit to the United States of America, pursuant to Title 18, United States Code, Section 984 and Title 31, United States Code, Section 5317(c)(2), and further requests the Court to direct all persons having any claim to or interest in the defendant property to file and serve their verified claims and answers as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions or suffer default thereof, and that Plaintiff be granted such other relief as may be deemed just and proper in the discretion of this Court.

Respectfully submitted,
WIFREDO A. FERRER
UNITED STATES ATTORNEY

/s/ *Elijah A. Levitt*
Elijah A. Levitt
Assistant United States Attorney
Florida Bar No. 725560
Elijah.Levitt@usdoj.gov
U. S. Attorney's Office
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132
Telephone: (305) 961-9036
Facsimile: (305) 536-4089

## **VERIFICATION**

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury, that I have read the foregoing Amended Verified Complaint for Forfeiture *In Rem* and state that the facts alleged therein are true and correct to the best of my knowledge and belief.

DATE: October _____, 2013.              _____
                                        HARLAN DAAR, SPECIAL AGENT
                                        INTERNAL REVENUE SERVICE