IN AND FOR THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-CV-21831-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$100,000 IN UNITED STATES CURRENCY
SEIZED FROM ACCOUNT NUMBER
2913981010 HELD AT JPMORGAN CHASE
BANK,

    Defendant,

v.

HILDA CHAVES ECHEVERRIA,

    Claimant.
_____/

## FINAL SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Summary Judgment (DE 13), filed January 13, 2014, and Claimant's Motion to Amend Answer After the Expiration of the Pleading Phase (DE 20), filed March 6, 2014. The Court has been fully briefed as to both motions.[1] For the reasons cited herein, the Court finds that Plaintiff's Motion for Summary Judgment should be granted and Claimant's Motion to Amend should be denied.

---

[1] Plaintiff's Motion for Summary Judgment has been fully briefed by the parties, as Claimant filed her Response in Opposition (DE 16) on January 30, 2014, to which Plaintiff filed their Reply (DE 17) on February 5, 2014. Claimant's Motion to Amend Answer has also been fully briefed, as Plaintiff filed its Response in Opposition (DE 23) on March 12, 2014, and the time for Claimant to Reply has passed.

## I. INTRODUCTION

This is an action for forfeiture *in rem* against $100,000.00 (the *"res"* or the "Defendant property") based on the apparent structuring of deposits to prevent the domestic financial institution into which the *res* was deposited from filing mandatory currency transaction reports. If such is the case, the *res* is subject to forfeiture pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), as property involved in a violation of 31 U.S.C. § 5313(a) and/or § 5324(a), or as property involved in a conspiracy to commit any such violation, or as property traceable to any such violation or conspiracy.

Plaintiff seeks summary judgment on the basis of Claimant's lack of Article III standing to contest the forfeiture, which flows from Claimant's lack of dominion and control over the *res*, and Claimant's lack of statutory standing, which flows from her failure to comply with Rule G(8)(c)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). In her Response in Opposition to Plaintiff's Motion for Summary Judgment (DE 16), Claimant argues that she has established a sufficient ownership and/or bailment interest in the *res* to preclude summary judgment on the basis of lack of Article III standing. In Plaintiff's Reply to Claimant's Response to Motion for Summary Judgment (DE 17), Plaintiff points out that Claimant failed to assert any bailment interest in the *res* in either her Verified Claim (DE 13-1)[2] or Answer (DE 7) and, therefore, Claimant lacks statutory standing to assert an interest as a bailee. Finally, in her Motion to Amend Answer After the

---

[2] *See* Part II *infra*.

2

Expiration of the Pleading Phase (DE 20), Claimant seeks leave of the Court to amend her original Answer (DE 7) to include an assertion that Claimant was a bailee of the Defendant property.[3]

The Court will summarize the factual and procedural background of this matter, the legal standard on motions for summary judgment, and address the motions in turn.

## II. BACKGROUND

On October 26, 2012, Claimant Hilda Chaves Echeverria opened account number 2913981010 at JPMorgan Chase bank (the "account") and deposited $100.00 of her own money into the account.[4] Claimant received a $125.00 bonus from JPMorgan Chase for opening the account.[5] Claimant was the sole owner of, and had signature authority for, the account at all times.[6] Claimant never made any other deposits into the account, but Claimant withdrew $200.00 on November 16, 2012.[7] Between October 29, 2012 and December 3, 2012, Claimant's daughter, Grace Karen Baine ("Baine"), made eleven cash deposits into the account totaling $100,000.00.[8] Nine deposits were in the amount of

---

[3] Claimant's Motion to Amend (DE 20) comes long after the close of the pleading phase of this action, which concluded with the filing of Claimant's Answer (DE 7) on July 25, 2013, and nearly two months after the January 13, 2014 deadline to file motions per the Court's October 7, 2013 Scheduling Order (DE 10).

[4] *See* Plaintiff's Statement of Undisputed Facts in Support of United States' Motion for Summary Judgment (DE 14), filed concurrently with Plaintiff's Motion for Summary Judgment, and Claimant's Response to Plaintiff's Statement of Undisputed Facts (DE 15), filed concurrently with Claimant's Response in Opposition to Plaintiff's Motion for Summary Judgment (DE 16) [hereinafter *Statements of Facts*].

[5] *Id.*

[6] DE 1 at ¶ 6; DE 7 at ¶ 6.

[7] *Statements of Facts.*

[8] *Id.*

$10,000.00, and two were in the amount of $5,000.00.[9]  In order to make these deposits, Baine made ten $10,000.00 cash withdrawals from her own bank account.[10]

On May 23, 2013, Plaintiff United States of America (the "United States" or the "Government") filed its Verified Complaint for Forfeiture *In Rem* against the $100,000.00 in Claimant's account, which Baine deposited. On May 25, 2013, the United States commenced publication of a notice of this forfeiture action on www.forfeiture.gov. *See* DE 5. On June 11, 2013, Baine sent a letter to the United States Attorney's Office on Claimant's behalf. *See* DE 13-1. The United States treated the letter as a Verified Claim submitted by a *pro se* claimant. Accordingly, the Court treats, and will refer to, the letter as Claimant's "Verified Claim."  The Verified Claim stated, *inter alia*, that: Claimant suffers from dementia, Claimant and her husband were in financial straits, Claimant and her husband's home was the subject of a foreclosure action, Baine made the deposits into the account in order to assist Claimant and her husband in paying off the mortgage on their home and to avoid foreclosure, and Baine structured the deposits in the way she did because a bank employee at her local branch told her that she could avoid paying a bank fee if she transferred the *res* in $10,000.00 increments as opposed to transferring all $100,000.00 in one transaction. *See id.* Claimant swore to the veracity of the contents of the Verified Claim under oath. *Id.*

Claimant later testified that: Baine deposited the *res* in Claimant's account as repayment for Claimant's financial support of Baine during Baine's college years,

---

[9] *Id.*
[10] *Id.*

4

Claimant never needed the *res* herself, Claimant did not intend to use the *res*, and Claimant did not have a loan in her name that required paying.[11] Baine, who drafted the Verified Claim, later testified that the *res* was actually intended for Claimant to use to help Claimant's son, Marcelo Echeverria, pay off a mortgage on *his* home, but that Baine transferred the *res* to Claimant's account so that Claimant (who, according to Baine, suffers from dementia) could "oversee" making the payments.[12] Baine also testified that the reason she structured the deposits in the way she did was because she was under the impression she had to deposit $10,000.00 per day for ten days to receive the $125.00 bank bonus.[13] The documents which were attached to the Verified Claim as proof of the existence of the mortgage on Claimant's home were actually documents related to a property owned by Claimant's son. *Id.* Claimant and her husband do not have a mortgage on the property in which they reside.[14]

## III. DISCUSSION

### A. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff moves for summary judgment on the basis that the Claimant cannot meet her burden of establishing constitutional or statutory standing to dispute the forfeiture of the *res*. Claimant argues that she has established *at least* a possessory and/or bailment interest in the *res* to support standing, and that summary judgment would be

---

[11] Deposition of Hilda Echeverria at 23-24, 34-35. DE 13-4; Hilda Echeverria's Response to Special Interrogatory No. 5. DE 13-4 at 66.
[12] Deposition of Grace Karen Baine at 55, 58-59. DE 13-7.
[13] *Id.* at 49.
[14] *Statements of Facts.*

inappropriate in any event because the Government has failed to carry its burden of proving that Claimant and/or Baine structured the transactions with the intent of avoiding currency transaction reporting requirements. The Court will briefly outline standing requirements before analyzing Claimant's standing and, based on Claimant's standing, the Government's applicable burden of proof.

### 1. Legal Standards

#### a. Motion for Summary Judgment

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991)

(holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact").

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

### b. Standing Requirements

It is well-established law that a claimant must first demonstrate a sufficient interest in a property to give him Article III standing. *See United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987). Indeed, without a sufficient interest in the property a claimant has no "case or controversy" capable of adjudication. *Id.*; *see also Warth v. Selding*, 422 U.S. 490, 498 (1975) (holding that standing is a threshold issue in every federal case). "Ownership is not required" to confer standing, "non-owners, such as bailees or those with possessory interests can also have injuries resulting from the seizure of property that are sufficient to establish standing." *Via Mat Int'l S. Am. Ltd. V. United States*, 446 F.3d 1258, 1262 (11th Cir. 2006); *see Black's Law Dictionary* 161 (9th ed. 2009) (defining "bailee" as a "person who receives personal property from another, . . . has possession of but not title to the property[, and] is

7

responsible for keeping the property safe until it is returned to the owner"). However, "not just any purported injury or interest is sufficient - 'straw owners' and persons who might have unknowingly been in possession of property that is seized do not necessarily suffer an injury that is sufficient to demonstrate standing." *Via Mat*, 446 F.3d at 1262 n.5. And, the law is plain that the opening of an account by one person in order to transfer money to another person is insufficient to confer standing on the account holder. *United States v. $688,670.42 Seized From Regions Bank Account No. XXXXXX5028, et al.*, 449 F. App'x 871, 874 (11th Cir. 2001).

In addition to demonstrating Article III standing, a claimant in a civil forfeiture action must also meet the standing requirements of the Supplemental Rules. *See $38,000.00*, 816 F.2d at 1544 ("[C]laimants also must satisfy applicable statutory standing requirements."). Thus, statutory standing is an additional threshold issue. *Id*.

Supplemental Rule G(5)(a)(i) provides that "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Said claim must "identify the specific property claimed," "identify the claimant and state the claimant's interest in the property," and, if the claim is filed by a person claiming to be a bailee, "identify the bailor, and if filed on the bailor's behalf must state the authority to do so." Suppl. Rule G(5)(A)(i)(A-B), G(5)(A)(iii). Where a claimant does not meet the requirements of the Supplemental Rules, or otherwise lacks standing, the Government may move to strike the claim. Suppl. Rule G(8)(c)(i), G(8)(c)(ii)(B) ("The motion . . . may be presented as a motion for . . . summary judgment . . . .").

### 2. Claimant's Standing

With respect to constitutional standing, Claimant argues that she has established standing through her ownership and/or bailment interest in the *res*.

### a. Claimant's Ownership Interest

It is undisputed that the $100,000.00 at issue in this action was in an account in Claimant's name, however, "possession of bare legal title by one who does not exercise dominion or control over the property is insufficient . . . to establish standing to challenge a forfeiture." *United States v. A Single Family Residence and Real Property Located at 900 Rio Vista Blvd., Ft. Lauderdale*, 803 F.2d 625, 630 (11th Cir. 1986); *accord $688,670.42*, 449 F. App'x at 874 (holding that straw owners do not necessarily suffer an injury sufficient to convey standing, and a nominee account holder's signature authority on an account "does little to prove a possessory or ownership interest" in a bank account). The Government argues that Claimant has presented no evidence which demonstrates an exercise of dominion or control over the *res* by Claimant.

The Government seeks forfeiture of the $100,000.00 in Claimant's account that was deposited by Baine in apparent violation of federal anti-structuring laws. The only actions taken by Claimant with respect to the account from which the *res* was seized was to open the account by depositing $100.00 and later withdrawing $200.00. Owing to the fact that Claimant received a $125.00 bonus from the bank for opening the account, it could, at most, be said that Claimant had an ownership interest in $225.00, as demonstrated by her withdrawal of $200.00. However, Claimant has produced no

evidence which demonstrates dominion or control over the $100,000.00 that is the subject of this forfeiture action. Claimant has produced no evidence supporting the ownership interest asserted in her Verified Claim,[15] which stated that Claimant was in financial straits and Baine deposited the *res* in Claimant's account for Claimant's use in staving off a foreclosure on Claimant's home. In fact, the ownership interest asserted in her Verified Claim was ultimately contradicted by Claimant's own deposition testimony. If Claimant had a legitimate ownership interest in the *res*, she would have been able to present evidence suggesting that she exercised dominion or control over the *res*.

The record in this matter is fraught with contradictory testimony, but none of it supports Claimant's assertion of dominion or control over the *res*. Certain testimony asserts that Baine deposited the *res* in Claimant's account for Claimant to use in assisting her son in paying off a mortgage on *his* home;[16] other testimony asserts that Claimant merely planned to hold the *res* for a period of time and then return it to Baine "little by little;"[17] while still more contradictory testimony asserts that Baine deposited the *res* in Claimant's account for Claimant's own use, as compensation for Claimant's rendering of financial support to Baine during Baine's college years. However, there is a dearth of evidence which demonstrates any actual exercise of dominion or control over the

---

[15] *See* explanation of Claimant's Verified Claim in Part II *supra*.
[16] Even if this were true, the law is plain that the opening of an account by one person in order to transfer money to another person is insufficient to confer standing on the account holder. *See* Part III.A.1.b *supra*.
[17] This might raise an interest as a bailee, but not an ownership interest. *But see* Part III.A.2.b *infra*.

10

Defendant property by Claimant. Accordingly, Claimant has failed to demonstrate an ownership interest sufficient to confer constitutional standing.

### b. Claimant's Bailment Interest

For the first time in this action, in response to the Government's motion for summary judgment, Claimant asserted in the alternative that she has a bailment interest in the *res* sufficient to support Article III standing. The Court need not consider Claimant's assertion of a bailment interest, because even if it were the case that Claimant could establish a possessory interest sufficient to confer constitutional standing as a bailee of the *res*, she cannot show statutory standing based on a bailment interest. While certain portions of the contradictory deposition testimony may support such a claim, Claimant's Verified Claim in this action nowhere mentions that Claimant was a bailee, fails to identify any bailor, and, disregarding any lack of "magic language," makes no suggestion at all that Claimant was holding the personal property of another with the responsibility of keeping it safe until it would be returned to the owner at a later date.[18] For this reason, Claimant lacks statutory standing to challenge the forfeiture as a bailee and her claim is doomed even if she could show constitutional standing as a bailee. *See United States v. $260,242.00 in United States Currency*, 919 F.2d 686, 688 (11th Cir. 1990) (per curiam) (holding that the district court properly struck a civil forfeiture claim that alleged claimant was a bailee but did not identify the bailor); *see also United States v. $12,126.00 in United States Currency*, 337 F. App'x 818, 820 (11th Cir. 2009) (per curiam) ("We

---

[18] *See* definition of bailee in Part III.A.1.b *supra*.

have emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action.").

### 3. The Government's Burden of Proof

Claimant's final argument in opposition to the Government's Motion for Summary Judgment is that the Government has failed to demonstrate that either Claimant or Baine structured the transactions in the way they did with the intent of avoiding currency transaction reporting requirements. In light of Claimant's lack of standing, this argument fails to persuade the Court that summary judgment is inappropriate.

In a civil forfeiture action, standing serves to ensure that the government is put to its burden of proof only where someone with a legitimate interest contests the forfeiture. *United States v. $557,933.39, More or Less, in United States Funds*, 287 F.3d 66, 79 (2d Cir. 2002); *accord $38,000.00*, 816 F.2d at 1544 (holding that claimant must show both constitutional and statutory standing to contest the government's seizure and forfeiture of property). Where a claimant is unable or unwilling to establish standing, the government is relieved of its duty to provide proof of forfeitability. *United States v. $321,470.00 in United States Currency*, 874 F.2d 298, 303 (5th Cir. 1989); *$38,000.00*, 816 F.2d at 1543 (holding that claimant must establish standing before the government is required to show the basis for seizure of contested property); *United States v. $500,000.00 in United States Currency*, 730 F.2d 1437, 1439 (11th Cir. 1984). Thus, the Government need not demonstrate intent, and its failure to do so is not a bar to summary judgment.

### B. CLAIMANT'S MOTION TO AMEND

Claimant seeks leave of the Court to amend her Answer to assert an interest in the Defendant property as a bailee. The law is clear that the statutory requirements for standing in a civil forfeiture action are to be strictly adhered to. In order to assert an interest as a bailee, Claimant was obligated to file a Verified Claim demonstrating that interest within thirty five days of receiving direct notice of the Government's institution of this forfeiture action. Suppl. Rule G(4)(b)(ii)(B), G(5)(a)(ii)(B). This case had been prosecuted by the Government for ten months – the last three of which Claimant has been represented by counsel – before Claimant sought this amendment. The requirement that claimants file a Verified Claim which lays out the claimant's interest in property that is the subject of a civil forfeiture action is not a mere procedural technicality, and to allow Claimant to amend at this point would fly in the face of the statutory standing requirements of the Supplemental Rules. Accordingly, this Court must deny Claimant's request for leave to amend her Answer.

### IV. CONCLUSION

Claimant does not possess a sufficient ownership interest in the Defendant property to confer Article III standing to challenge this civil forfeiture action and Claimant is barred from asserting an interest as a bailee for failing to meet the statutory requirements for such a claim. Accordingly, summary judgment is appropriately granted on behalf of the United States of America.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED** and **DECREED** that:

1. Plaintiff's Motion for Summary Judgment **(DE 13)** be, and the same is, hereby **GRANTED.** Judgment is entered in favor of the Plaintiff and the case is **DISMISSED with prejudice.** The Court retains jurisdiction for determination of fees and costs, if any.

2. Claimant's Motion to Amend Answer After the Expiration of the Pleading Phase **(DE 20)** be, and the same is, hereby **DENIED.**

3. All pending motions are **DENIED as moot** and the Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 28th day of March, 2014.

                                                        JAMES LAWRENCE KING
                                                        UNITED STATES DISTRICT JUDGE

**cc:**    All counsel of record.